UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
:
:
CHRISTOPHER B. REILLY,                                           :
:
                        *Plaintiff,*  :   **ORDER OF DISMISSAL**
:   **PURSUANT TO 28 U.S.C.**
    -against-                                               :   **§ 1915**
:
:   3:25-CV-640 (VDO)
:
Connecticut Interlocal Risk Management Agency, *et al.*, :
:
                       *Defendant*.                :
:
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

    Plaintiff Christopher B. Reilly filed this suit against the Connecticut Interlocal Risk Management Agency ("CIRMA"), the Town of Enfield, and several individual town employees.[1] He has also moved for leave to proceed *in forma pauperis*.[2] Upon initial review, however, the Court concluded that Reilly's complaint likely failed to state a claim upon which relief can be granted.[3] The Court issued an Order to Show Cause to express its concerns and explain its intent to dismiss the action as 28 U.S.C. § 1915(e) requires unless Reilly adduced further facts or law sufficient to demonstrate that his claims are viable.[4] Reilly has filed a number of responses to that Order.[5]

---

[1] Compl., ECF No. 1 at 1.

[2] Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

[3] Ord. to Show Cause, ECF No. 9.

[4] *Id.*

[5] ECF Nos. 10-16.

"A district court must dismiss an *in forma pauperis* action if it determines that the action . . . fails to state a claim on which relief may be granted[.]" *Narcisse v. Delphin-Rittman*, No. 3:16-CV-1238 (JAM), 2017 WL 396137, at *2 (D. Conn. Jan. 27, 2017) (citing 28 U.S.C. § 1915(e)(2)(B)). Section 1915 of Title 28 imposes an affirmative obligation on district courts to review *in forma pauperis* complaints before service of process.

Reilly's brief complaint describes a dispute with the Enfield Police Department regarding the handling of a complaint against him.[6] In the Court's Order to Show Cause, the Court explained that it was concerned that none of the four claims Reilly sought to bring—a procedural due process claim, a civil conspiracy claim, a retaliation claim, and a mail fraud claim—appeared to be claims upon which relief could be granted.[7] The Court noted that the procedural due process claim likely failed because Reilly did not identify any sort of property right at issue in the government's actions; that his claim of civil conspiracy likely failed as a matter of Connecticut law because he did not allege an additional substantive tort; that his claim for a violation of his First Amendment rights did not allege, in a non-conclusory manner, that he faced retaliation; and fourth, that his allegation of mail fraud likely failed because federal criminal statutes do not, in the ordinary course, afford private rights of action.[8]

The Court noted its intent to dismiss this action unless its concerns were rectified and provided Reilly the opportunity to file a response to the Court's order.[9] Reilly has filed numerous responses, but unfortunately these responses do not substantively address the

---

[6] Compl., ECF No. 1; ECF No. 1-8 at 2.

[7] Ord. to Show Cause at 3.

[8] *Id.* at 3-5.

[9] *Id.* at 5-6.

2

Court's analysis. Instead, the responses predominately raise a variety of arguments about the process of screening *in forma pauperis* complaints that 28 U.S.C. § 1915(e) requires.

In the filing most directly responsive to the Court's Order to Show Cause, Reilly argues that the Order to Show Cause creates the "appearance of advocacy [by the Court] on behalf of Defendants."[10] The Court understands that the screening regime of 28 U.S.C. § 1915 may appear somewhat unusual in that it requires judicial evaluation prior to a motion from a defendant, but that process is required by federal law.

Reilly next argues that the process of screening *in forma pauperis* complaints is a violation of the Due Process Clause of the Fourteenth Amendment.[11] This fails because prescreening of a complaint does not deprive a litigant of "life, liberty, or property." U.S. Const. Amend. XIV. Reilly's last argument is that the Court has a "duty to prioritize substantive constitutional claims."[12] Assuming, *arguendo*, that this statement is accurate, the statement would have no bearing on this case. "Prioritizing" the adjudication of one sort of claims provides no basis to allow a party to assert a facially defective claim. Instead, the Court is obligated to follow the contours of federal law, no matter the seriousness of the alleged harm.

Reilly has not responded directly to the concerns that the Court has raised regarding the four claims he seeks to bring. Instead, his various filings repeatedly request that the Court issue an order beginning the service of process. These requests misunderstand the nature of screening of *in forma pauperis* complaints. Such complaints "must be screened, under 28

---

[10] ECF No. 12 at 3.

[11] *Id.* at 4.

[12] *Id.* at 5.

U.S.C. § 1915(e)(2)(B), before summonses issue and service can be effected." *Waheed v. Ballon Stoll Bader & Nadler PC*, No. 25-CV-0358 (LTS), 2025 WL 438386, at *3 (S.D.N.Y. Feb. 7, 2025). And because the Court concludes that Reilly has failed to state a claim on which relief can be granted, this action must be dismissed at this stage.

For the reasons set forth in this Order and in the Order to Show Cause, the Court concludes that Reilly's complaint fails to state a claim upon which relief can be granted. Therefore, as required by 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must DISMISS the action and respectfully requests the Clerk of the Court to close the case. Reilly's pending motions (ECF Nos. 2, 15) are DENIED as moot.

The Court must additionally raise one issue *sua sponte*. In reviewing Reilly's many filings, the Court noticed several instances in which a case did not remotely match the proposition for which it was cited. Further, Reilly only once quotes a case: "'[c]onstitutional rights would be of little value if they could be indirectly denied.' *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963)." ECF No. 12 at 5. That quote does not appear in *Gideon*, on the cited page or any other.[13]

Artificial intelligence is "known to result in . . . fictional or hallucinatory citations[.]" *Strong v. Rushmore Loan Mgmt. Servs., LLC*, No. 24-CV-352, 2025 WL 100904, at *6 (D. Neb. Jan. 15, 2025) (quotations omitted); *see also Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. 2023). For that reason, the Court believes that Reilly may have used artificial

---

[13] The Supreme Court has stated something nearly identical in an unrelated case. *See Smith v. Allwright*, 321 U.S. 649, 664 (1944).

intelligence in drafting his submissions. *Cf. Moales v. Land Rover Cherry Hill*, No. 3:25-CV-544 (VDO), 2025 WL 1249616 (D. Conn. Apr. 30, 2025).

Artificial intelligence may ultimately prove a helpful tool to assist pro se litigants in bringing meritorious cases to the courts. In that way, artificial intelligence has the potential to contribute to the cause of justice. However, accessing any beneficial use of artificial intelligence requires carefully understanding its limitations. For example, if merely asked to write an opposition to an opposing party's motion or brief, or to respond to a court order, an artificial intelligence program is likely to generate such a response, regardless of whether the response actually has an arguable basis in the law. Where the court or opposing party was correct on the law, the program will very likely generate a response or brief that includes a false statement of the law. And because artificial intelligence synthesizes many sources with varying degrees of trustworthiness, reliance on artificial intelligence without independent verification renders litigants unable to represent to the Court that the information in their filings is truthful.

Whether the issues with Reilly's filings are the result of artificial intelligence or some other mistake, the Court cautions Reilly to ensure that future submissions to any court contain only accurate representations.

**SO ORDERED.**

Hartford, Connecticut
June 20, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

5